# In the United States Court of Federal Claims

|  |  |
|---|---|
| PETRINA SMITH,<br><br>                Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>                Defendant. | No. 19-cv-1348<br><br>Filed: November 19, 2021 |

*Walt Pennington*, Pennington Law Firm, San Diego, California.  With him on the briefs are *David R. Markham*, *Maggie Realin*, and *Lisa Brevard*, The Markham Law Firm, San Diego, California; *Stephen B. Morris*, The Law Offices of Stephen B. Morris, San Diego, California.

*Rafique O. Anderson*, United States Department of Justice, Civil Division, Washington, D.C. for Defendant.  With him on the briefs are *Brian M. Boynton*, Acting Assistant Attorney General, Civil Division; *Martin A. Hockey*, *Jr.*, Acting Director, Commercial Litigation; *Reginald T. Blades*, *Jr.*, Assistant Director, Commercial Litigation, Washington, D.C.

## ORDER

On October 15, 2021, the parties filed a Joint Status Report (ECF No. 32) (JSR or Report) consistent with the Court's September 28, 2021 Order (ECF No. 29) (Order) directing the parties to meet and confer and provide a status report including: "a revised proposed notice limited to the Palo Alto and Menlo Park canteen locations, a schedule for future proceedings, and an indication of whether this case is suitable for resolution through the procedures for Alternative Dispute Resolution (ADR) set forth in Addendum H of the Rules of the United States Court of Federal Claims."

After considering the parties' arguments in the Report, and as reflected below, the Court **DENIES** Plaintiff's request for appointment of a class administrator, **APPROVES** the attached "Legal Notice of Collective Action and Opportunity to Join" (notice) to potential plaintiffs, and

**ORDERS** a schedule for future proceedings in this matter. The parties' Report addressed several issues: (1) discovery related to potential nationwide collective action members,[1] (2) appointment of a class administrator, (3) the form of notice to send to potential collective action members, and (4) a schedule for future proceedings. While the parties submitted separate proposed notices, JSR at Exhibit A (Pl.'s Proposed Notice); Exhibit B (Def.'s Proposed Notice), and separate proposed scheduling timelines, JSR at 3-4 (Pl.'s Proposed Timeline); JSR at 6-7 (Def.'s Proposed Timeline), only minor differences exist. The Court addresses those differences and attaches the Court's approved notice form to this Order. *See infra* Attachment (Attach.).

DISCUSSION

I.  Appointment of Class Administrator

Plaintiff requests the appointment of a class administrator to handle the notice mailing process, while the Defendant opposes such appointment. JSR at 1, 5. Currently, there are estimated to be eight potential opt-in plaintiffs in the Menlo Park and Palo Alto, California Canteens who may be eligible to receive a notice via mail. A class administrator is typically unnecessary where a case involves small pools of potential opt-in plaintiffs. *C.f.*, *Gallimore v. United States*, No. 11-715C, 2021 WL 2661421 at *1 (Fed. Cl. June 29, 2021) (appointing class administrator in class action on behalf of 3,487 plaintiffs); *Athey v. United States*, 115 Fed. Cl. 739, 740-42 (2014) (appointing class administrator in class action on behalf of 3,691 plaintiffs). Given the small number of potential plaintiffs from the Menlo Park and Palo Alto, California Canteens, the Court — exercising its "broad discretion" over the issuing of notices to potential

---

[1] In the Report, Plaintiff also requested a deadline by which to file a motion to compel a reasonable sampling of nationwide contact information from what she considers to be other potential plaintiffs. JSR at 2. Plaintiff filed such a Motion to Compel on November 12, 2021, and accordingly the request is moot. (ECF No. 34.)

opt-in plaintiffs, *Wolfchild v. United States*, 68 Fed. Cl. 779, 797 (2005) — finds that a class administrator is unnecessary here. The Court appreciates Plaintiff's willingness to confer "with Defendant regarding completing the notice mailing without engaging a settlement administrator." JSR at 1-2.

II.     Form of Notice

This Court may "supervise the collective action notice process through approval of the notice and notice procedures." *Plaintiff No. 1 v. United States*, No. 20-454C, 2021 WL 1328609 at *2 (Fed. Cl. Apr. 9, 2021) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989)). Here, the parties' proposed notices are identical aside from five discrete distinctions:

- Plaintiff's proposed notice would include the following second paragraph appended to section two: "On September 28, 2021, the Court conditionally certified Plaintiff's FLSA claim as to the Palo Alto/Mento Park Canteens." Pl.'s Proposed Notice at 1;

- Plaintiff's proposed notice would include an additional sentence at the end of section six: "Please note, under the FLSA, the statute of limitations continues to run until you file with the court a written consent to join the lawsuit, or initiate your own lawsuit." *Id.* at 3;

- Plaintiff's proposed notice would include a clause on the consent form indicating that the signee consents to Plaintiff and her counsel representing the added party's interests in the case and consents to be bound by Plaintiff's signed retainer agreement. *Id.* at 5;

- Plaintiff's proposed notice would require potential opt-in plaintiffs to return the notice within 90 days, rather than the 60 days proposed by Defendant. *Compare* Pl.'s Proposed Notice (90 days noted in section four of the proposed notice and in the consent form to be completed by the potential opt-in plaintiff), *with* Def.'s Proposed Notice (60 days noted in

3

section four of the proposed notice and in the consent form to be completed by the potential opt-in plaintiff); and

- Defendant's proposed notice would include language in section two indicating that the allegedly misclassified Assistant Canteen Chiefs (ACCs) work or worked "at the Palo Alto/Menlo Park Canteen." Def's Proposed Notice 1.

The Court addresses each distinction in turn.

    i.    <u>"Conditionally Certifies" & "Statute of Limitations" Language</u>

The Court declines to adopt Plaintiff's suggested addition to the notice concerning conditional certification and her request to include language concerning a "statute of limitations" (*i.e.,* Plaintiff's first and second distinctions). The Court must ensure that the proposed notice is "neutral in its terms and avoids even the appearance of judicial endorsement . . . of the action." *Boggs v. United States*, 139 Fed. Cl. 375, 379 (2018) (internal quotation omitted). "In exercising the discretionary authority to oversee the notice-giving process, courts must be *scrupulous* to respect judicial neutrality." *Hoffmann-La Roche*, 493 U.S. at 174 (emphasis added). Potential opt-in plaintiffs should not be led to believe that the Court takes a position on the litigation just because the Court authorizes the notice. *Boggs*, 139 Fed. Cl. at 379.

Plaintiff's proposed language poses several problems. First, any language in the notice that the Court is "conditionally certifying" Plaintiff's claim could be misconstrued by potential plaintiffs as the Court taking a position on the merits of the litigation, which the Court must avoid. *See Hoffman-La Roche*, 493 U.S. at 174 ("[C]ourts must take care to avoid even the appearance of judicial endorsement of the merits of the action."). Second, potential plaintiffs could misinterpret Plaintiff's proposed language concerning a statute of limitations as legal advice from the Court concerning whether a potential plaintiff could or should proceed with a claim. *Id.* Accordingly,

as reflected in the approved notice, the Court declines to include in the notice legal terms of art, such as "conditionally certifying" and "statute of limitations."

    ii.    <u>Consent to Representation</u>

The Court further declines to adopt Plaintiff's proposed third distinction requesting potential opt-in plaintiffs to (i) consent to Plaintiff and her counsel representing their interests in the case and (ii) agree to be bound by Plaintiff's signed retainer agreement. Unlike in Rule 23 class actions, where "the representative plaintiff(s) and class counsel act for the class," in FLSA collective actions, plaintiffs "may have different counsel, make different pre-trial decisions, may settle on different terms or some may settle and others go to trial." *Oldershaw v. DaVita Healthcare Partners, Inc.*, 255 F. Supp. 3d 1110, 1114 (D. Colo. 2017); *see also Almanzar v. C & I Assocs., Inc.*, 175 F. Supp. 3d 270, 279 n.3 (S.D.N.Y. 2016); *Snively v. Peak Pressure Control, LLC*, 174 F. Supp. 3d 953, 962 (W.D. Tex. 2016); *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 520 (E.D.N.Y. 2011). To the contrary, adopting Plaintiff's proposed language is likely to suggest that opt-in plaintiffs are automatically (or should be) bound by Ms. Smith or her counsel's legal decisions. Because such language could potentially cause doubt concerning whether opt-in plaintiffs are free to hire their own counsel and make their own legal decisions, the Court respectfully declines to adopt such language in the notice.

This risk is compounded by language contained in both Plaintiff's and Defendant's proposed notices concerning the right of opt-in plaintiffs to appoint their own counsel. Pl.'s Proposed Notice at 3; Def.'s Proposed Notice at 3. As they are currently written, each of the parties' proposed notices appear to indicate that the default is that "plaintiff's lawyers will represent [opt-in plaintiffs] in this lawsuit." Pl.'s Proposed Notice at 3; Def.'s Proposed Notice at 3. The proposed notices further state that a potential plaintiff "may also" seek his own counsel.

Pl.'s Proposed Notice at 3; Def.'s Proposed Notice at 3. However, as discussed, an opt-in plaintiff in a collective action has a right to appoint his own counsel. *See Snively*, 174 F. Supp. 3d at 962 (holding the proposed notice "must advise putative class members of their right to retain separate counsel and pursue their rights independently from the class"); *see also Oldershaw*, 255 F. Supp. 3d at 1114; *Almanzar*, 175 F. Supp. 3d at 279 n.3; *Rosario*, 828 F. Supp. 2d at 520. The Court's approved notice accurately and more clearly reflects that potential plaintiffs may retain their own counsel if they so choose. *See infra* Attach.

For similar reasons, the Court declines to adopt any language in the parties' proposed notices indicating that an opt-in plaintiff is bound by Ms. Smith's retainer agreement with her lawyers or that such plaintiffs must designate Ms. Smith as their agent in the litigation. *See* Pl.'s Proposed Notice at 3; Def.'s Proposed Notice at 3. While opt-in plaintiffs may choose to hire Ms. Smith's attorneys and designate Ms. Smith as their agent, they are not required to do so. *See Oldershaw*, 255 F. Supp 3d at 1114 (noting that FLSA collective actions can proceed "much like a civil suit with many plaintiffs who pursue their own claims").

    iii.    Timing of Notices

The Court adopts Plaintiff's suggestion that provides potential plaintiffs 90 days from the date of mailing to file an opt-in notice. *See* JSR at 2-3 (proposing 90-day notice), 5-6 (proposing 60-day notice). Defendant notes that the case Plaintiff cites for the proposition that a longer deadline is appropriate, *Doe No. 1 et al. v. United States*, 147 Fed. Cl. 421 (2020), involved 35 potential opt-in plaintiffs while the potential pool in this case is far fewer. JSR at 5. However, Defendant cannot articulate how it would be harmed by providing potential opt-in plaintiffs an additional 30 days in which to respond to the notice. Accordingly, without a showing of prejudice,

the Court opts to exercise its "broad discretion" in this arena and grant Plaintiff's request for a 90-day deadline. *Wolfchild*, 68 Fed. Cl. at 797.

      iv.      <u>ACCs "at the Palo Alto/Menlo Park Canteen" Language</u>

The Court declines to adopt Defendant's proposed language indicating that the lawsuit alleges that Veterans Canteen Services misclassified its Assistant Canteen Chiefs (ACCs) "at the Palo Alto/Menlo Park Canteen." Def.'s Proposed Notice at 1. Plaintiff's lawsuit in fact alleges misclassification of a far greater pool of ACCs. *See generally* Complaint (ECF No. 1). The Court is satisfied that Plaintiff's lawsuit is adequately described in paragraph two of the notice without the need for Defendant's proposed additional language. However, as the Court's October 15, 2021 Order limited the pool of employees eligible to opt into the collective action at this time to the Palo Alto and Menlo park canteens, the Court will add the requested "Palo Alto or Menlo Park, California" language to the "Consent to Join Form." *Infra* Attach. at 4.

III.      <u>Scheduling Order</u>

The parties shall adhere to the following Scheduling Order:

| Event | Date |
|---|---|
| Defendant shall provide Plaintiff's counsel the names and postal addresses of potential plaintiffs. | 20 days after the Court enters an Order approving the notice. |
| Plaintiff's counsel shall send the notice to potential plaintiffs by first-class mail along with an enclosed self-addressed stamped envelope. | Seven days after Defendant provides Plaintiff's counsel with the names and addresses of potential plaintiffs. |
| Potential plaintiffs must submit all Consent to Join forms to Plaintiff's counsel. | 90 days from notice mailing. |
| Any motion to decertify the conditionally certified collective action. | 60 days from the date of the expiration of the potential plaintiff opt-in period. |
| Plaintiff's response to any motion to decertify. | 45 days from the filing of a motion to decertify. |

7

| | |
|---|---|
| Defendant's reply in support of any motion to decertify. | 30 days from the filing of Plaintiff's response to a motion to decertify. |
| Joint Status Report on potential merits discovery, including a proposed schedule for future proceedings. | 14 days after the issuance of the Court's Order on a motion to decertify. |

## CONCLUSION

For the foregoing reasons, the Court **APPROVES** the notice appended to this Order as Exhibit 1.  Plaintiff's request for a class administrator to oversee mailing of the Court-approved notice is **DENIED**.  The parties are **ORDERED** to:

1. Meet and confer about mailing the Court approved notice, attached herein, to potential opt-in plaintiffs; and

2. Comply with the schedule set forth in Section III of this Order.

IT IS SO ORDERED.

    s/Eleni M. Roumel
    ELENI M. ROUMEL
    Judge

November 19, 2021
Washington, D.C.